# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **STATE OF DELAWARE,** | ) |
| | ) |
| **v.** | ) **ID No. 1611005481** |
| | ) **Cr. A. Nos. IN16-11-1065, etc.** |
| **MALCOLM E. LUM,** | ) |
| Defendant. | ) |

Submitted: December 3, 2018
Decided: December 27, 2018

## ORDER

*Upon Defendant, Malcolm E. Lum's, Motion for Postconviction Relief,*
**SUMMARILY DISMISSED.**

This 27th day of December, 2018, upon consideration of the Defendant Malcolm E. Lum's *Pro Se* Motion for Postconviction Relief (D.I. 45), the Commissioner's Report and Recommendation that Mr. Lum's *Pro Se* Motion for Postconviction Relief should be **SUMMARILY DISMISSED**, and the record in this case, it appears to the Court that:

(1)     On September 14, 2017, following a one-day trial, a Superior Court jury convicted the Defendant Malcolm E. Lum, of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), and Carrying a Concealed Deadly Weapon ("CCDW").[1]  The Court

---

[1]     Mr. Lum had previously lost at a suppression hearing before one judge of this Court (D.I. 19 & 36); he was convicted of these three counts at the jury trial conducted before the undersigned. *See* Verdict Form, *State v. Malcolm E. Lum*, ID No. 1611005481 (Del. Super. Ct. Sept. 14, 2017)

-1-

immediately sentenced Mr. Lum to a total period of 28 years at Level V incarceration, to be suspended after serving 5 years in prison for decreasing levels of supervision.[2]

(2)     Mr. Lum filed a direct appeal to the Delaware Supreme Court, arguing that that the weapon seized from him should have been suppressed as evidence.[3] The Supreme Court found Mr. Lum's several appellate suppression claims lacked merit and affirmed this Court's judgments denying suppression, and of conviction and sentence.[4]

(3)     In October 2018, Mr. Lum filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[5]

(4)     That motion was referred to Superior Court Commissioner Katharine L. Mayer in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

---

(D.I. 31); *see also Lum v. State*, 2018 WL 4039898, *1 (Del. Aug. 22, 2018) (recounting the facts of the Mr. Lum's crimes).

[2]     Sentencing Order, *State v. Malcolm E. Lum*, ID No. 1611005481 (Del. Super. Ct. Sept. 14, 2017) (D.I. 32). The five-year unsuspended term is the minimum sentence required due to Mr. Lum's prior violent felony conviction. DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) (2016).

[3]     *Lum*, 2018 WL 4039898, *1.

[4]     *Id*. at *1-*3.

[5]     D.I. 45.

(5)     The Commissioner filed her Report and Recommendation on December 3, 2018. The Commissioner recommended that Mr. Lum's Motion for Postconviction Relief be summarily dismissed.[6]

(6)     "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[7] Neither Mr. Lum nor the State filed an "objection" to the Commissioner's Report pursuant to Criminal Rule 62(a)(5)(ii).

(7)     The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[8] After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Mr. Lum's convictions or sentence. Nor is there a doubt that Mr. Lum received effective assistance of counsel in prosecuting his suppression motion, litigating the issues that counsel had a good faith basis to believe had merit, and defending Mr. Lum at trial. Lastly, there is no doubt that the discernable claims Mr. Lum now makes are subject to the procedural bars identified by the Commissioner in her report. In short, it plainly appears from the motion and the record of prior proceedings that Mr. Lum is not entitled to postconviction relief.

---

[6]     *State v. Lum*, 2018 WL 6309090 (Del. Super. Ct. Dec. 3, 2018).

[7]     Super. Ct. Crim. R. 62(a)(5)(ii).

[8]     *Id.* at 62(a)(5)(iv).

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of December 3, 2018, Mr. Lum's Motion for Postconviction Relief is **SUMMARILY DISMISSED.** [9]

**SO ORDERED this 27th day of December, 2018.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Hon. Katharine L. Mayer
       Allison J. Abessino, Deputy Attorney General
       Matthew C. Buckworth, Esquire
       Mr. Malcolm E. Lum, *pro se*

---

[9]   *See* Super. Ct. Crim. R. 61(d)(5) (permitting the Court to summarily dismiss an inmate's application when "it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief").